# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JERRELL MICHAEL BROWN,

       Plaintiff,

v.   **AMENDED ORDER**
    Civil File No. 13-cv-1058 (MJD/JSM)

JOHN KING, KENT GRANDLIENARD,
DAVID REISHUS, TAMMY WHERLEY,
RICARDO LOPEZ, and VINCENT KRENTZ,

       Defendant.

Jerrell Michael Brown, pro se.

Scott A. Grosskreutz, Minnesota Attorney General's Office, Counsel for Defendants.

    Plaintiff filed a Motion for Voluntary Dismissal of Actions [Docket No. 52] with the Court on January 31, 2014.  While Plaintiff's motion refers to Federal Rule of Civil Procedure 41, generally, Plaintiff's motion is construed as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court

order, on terms that the court considers proper."[1]  Considering Plaintiff's argument that he is "unable to properly litigate this civil action at this time due to civil law ignorance[,] inadequate funds . . . [and] criminal appeals time line demands," the Court concludes that it has proper grounds to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2).  There are no counterclaims or objections in this matter that would require further consideration under Rule 41(a)(2).

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal of Actions [Docket No. 52] is **GRANTED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendants are hereby dismissed from this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 24, 2014      s/ Michael J. Davis
                               Michael J. Davis
                               Chief Judge
                               United States District Court

---

[1] Rule 41(a)(1) of the Federal Rules of Civil Procedure does not apply here.  That rule provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Defendants, however, have already filed an Answer in this matter.